United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAHI OHMAHREE SPEARS,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>FIRST GUARANTY MORTGAGE CORPORATION, et al.,<br><br>　　　　　Defendants. | NO. C09-5721 TEH<br><br>ORDER SETTING ASIDE DISMISSAL OF CASE AND JUDGMENT; ORDER TO SHOW CAUSE |

As this Court has previously observed, Plaintiff failed to file an opposition to Defendant First Guaranty Mortgage Corporation's motion for summary judgment; failed to respond to the Court's telephone call concerning that opposition; and failed to respond to the Court's January 14, 2010 order to show cause as to why the case should not be dismissed for failure to prosecute. Consequently, the Court dismissed this case with prejudice based on Plaintiff's failure to prosecute on January 21, 2010, and entered judgment the following day.

The Court has reviewed other cases in this district, and this is not the first time that Plaintiff's counsel of record, Mr. Thomas Swihart, has failed to comply with court rules and orders, nor is it the first time that his client's claims have been dismissed based on his failure to respond to orders to show cause. *See, e.g.*, Mar. 2, 2005 Order in *Kaplan v. National Check Fraud Center*, Case No. 04-2394 SC (docket nos. 7, 11) (dismissing case after Mr. Swihart failed to file initial case management conference statement, failed to appear at initial case management conference, and failed to appear at a show cause hearing as to why case should not be dismissed for failure to serve and/or failure to prosecute); Dec. 1, 2004 Order in *Held v. Storms*, Case No. C03-2771 BZ (docket no. 41) (dismissing case after Mr. Swihart failed to oppose a motion to dismiss, failed to appear at the motion to dismiss

hearing, and failed to appear at a show cause hearing as to why case should not be dismissed for lack of prosecution or failure to effect service).

On February 1, 2010, the noticed hearing date on Defendant's motion, Plaintiff appeared in Court with another individual, who represented that Mr. Swihart informed them that he no longer represented Plaintiff, that the case was being dismissed, and that they could, if they so desired, appear before the Court on February 1 to ask for more time to find another attorney. Assuming Plaintiff's representations to be true, the obvious problem is that Mr. Swihart never sought to withdraw as counsel in this case and, to date, remains counsel of record. Although an argument could be made that judgment for Defendant should be allowed to stand because Plaintiff should be bound by the actions of his counsel of record, this Court finds that doing so under the circumstances of this case would unfairly punish Plaintiff based on what appears to be Mr. Swihart's misconduct.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that:

1. The Court's January 21, 2010 order dismissing this case and the January 22, 2010 judgment are VACATED. The Clerk shall re-open the file.

2. Mr. Thomas Swihart is ORDERED TO SHOW CAUSE as to why sanctions should not be imposed for his repeated failures to comply with Court orders and rules in this case. These sanctions may include monetary sanctions, referral to the Court's Standing Committee on Professional Conduct, referral to the California State Bar, and/or any other sanctions deemed to be appropriate by the Court. Mr. Swihart shall personally appear before the Court on **February 22, 2010, at 10:00 AM.** If he does not appear, the Court may order the United States Marshal to locate Mr. Swihart and bring him before the Court.

3. Mr. Swihart shall file a written response to this order to show cause on or before **February 12, 2010.** If he fails to file a timely written response, then the show cause hearing shall also address whether sanctions should be imposed for his failure to comply with this order.

4. Defendant's counsel may, but is not required to, attend the show cause hearing. Plaintiff is also invited, but is not required, to attend the hearing.

2

5. The Clerk shall mail a copy of this order via United States mail to Plaintiff at the address Plaintiff provided to the Court on February 1, 2010.

6. Although Mr. Swihart is registered to receive electronic notifications of filings in this case, the Clerk shall also serve Mr. Swihart at his address of record via certified United States mail with return receipt.

7. After the Court resolves this order to show cause, it will determine how best to proceed on the merits of this case. Plaintiff should be aware that the Court's setting aside of the judgment does not indicate that Plaintiff will ultimately prevail; at this point, the Court has made no decision on which party should win on the merits.

8. Plaintiff is also encouraged to continue his efforts to locate substitute counsel. However, even if a proper substitution of counsel is filed before the show cause hearing date, Mr. Swihart shall nonetheless file a timely written response to this order to show cause and appear at the scheduled show cause hearing.

**IT IS SO ORDERED.**

Dated: 02/03/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT