IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAHI OHMAHREE SPEARS,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST GUARANTY MORTGAGE CORPORATION, et al.,<br><br>    Defendants. | NO. C09-5721 TEH<br><br>ORDER IMPOSING SANCTIONS AGAINST PLAINTIFF'S COUNSEL |

This matter came before the Court on February 22, 2010, on an order to show cause against Plaintiff's counsel, Mr. Thomas Swihart, and on Defendant First Guaranty Mortgage Corporation's motion for an order awarding sanctions. After carefully considering the parties' written and oral arguments, the Court now sanctions Mr. Swihart for unprofessional conduct in violation of the Court's local rules and GRANTS IN PART First Guaranty's motion for sanctions as discussed below.

**BACKGROUND**

Carolyn Bell, the mother of Plaintiff Jahi Ohmahree Spears, operates an assisted living facility at 151 Fuchsia Court, Hercules, California. In February 2007, Ms. Bell conveyed the property to Dissrew Brown. Both the complaint and the opposition to First Guaranty's motion asserted that Ms. Brown took title to the property from Ms. Bell "subject to" a loan from First Guaranty to Ms. Bell. Compl. ¶ 17; Opp'n at 2. However, at oral argument, Mr. Swihart admitted that he "recently" became aware that these assertions were untrue, and that the property had, in fact, been sold by Ms. Bell to Ms. Brown and that it was Ms. Brown who had acquired a mortgage from First Guaranty.

Some time after she acquired the property, Ms. Brown became unable or unwilling to make the payments on this mortgage. Both the complaint and the opposition to First Guaranty's motion allege that Ms. Brown feared the damage that a foreclosure would have on her credit and therefore conveyed the property to Mr. Spears as a gift in September 2007.[1] However, although the conveyance was not recorded with the county until September 10, 2007, the conveyance was signed by Ms. Brown on February 8, 2007 – one week prior to the funding of the loans by First Guaranty to Ms. Brown. Ex. A to Swihart Decl. (copy of grant deed conveying property to Mr. Spears as a gift from Ms. Brown); Ex. A to Suppl. Miller Decl. (settlement statement showing funding date of February 15, 2007, on $590,000 loan from First Guaranty to Ms. Brown).

First Guaranty recorded with the county a notice of default on the property on September 14, 2007, and a notice of trustee's sale on December 24, 2008. Both notices listed Ms. Brown as the trustor of the property. Exs. B & C to Swihart Decl. Although neither notice listed Mr. Spears, First Guaranty has presented evidence that the company it hired to assist with the foreclosure process nonetheless sent copies of the notices by certified mail to Mr. Spears on October 11, 2007. Kidder Decl. in Supp. of Def.'s Mot. for Summ. J. ¶¶ 5-6 & Exs. A & B. These notices were sent to two different addresses, including the subject property.[2] *Id.* Mr. Spears asserts that he never received either notice, and Mr. Swihart contended at oral argument that this lack of receipt is evidence that the notices were never sent.[3] First Guaranty ultimately obtained title to the property on January 21, 2009, after a trustee's sale. Ex. D to Swihart Decl.

On August 2, 2009, First Guaranty initiated an unlawful detainer action against Ms. Brown. Miller Decl. ¶ 8. On August 10, Mr. Swihart appeared in that action on behalf

---

[1] As noted, Mr. Spears is Ms. Bell's son. Thus, Ms. Brown gifted the property to the son of the woman from whom she purchased the property for $590,000.

[2] The notice was also sent to Ms. Bell's residential address, which is presumably also Mr. Spears's residence.

[3] The Court does not now decide whether a material factual dispute exists as to whether First Guaranty sent the notices in accordance with California state law.

2

1  of Ms. Bell, who stated in a declaration that she was the tenant in possession of the property
2  in question. *Id.* ¶ 9 & Ex. 1.  Mr. Swihart filed a motion to quash service of the summons
3  and complaint and a motion to strike portions of the complaint, both of which were denied.
4  *Id.* ¶¶ 9-10 & Exs. 1-2.  He also sought a demurrer, arguing that First Guaranty failed to join
5  Mr. Spears as an indispensable party, which was overruled.  *Id.* ¶ 12 & Ex. 3.  Mr. Swihart
6  subsequently filed an answer on behalf of Ms. Bell as tenant in possession.  *Id.* ¶ 13 & Ex. 4.
7  It appears that the unlawful detainer action remains pending, and that Mr. Swihart continues
8  to represent Ms. Bell in those proceedings.

9  Mr. Swihart also filed a voluntary petition for bankruptcy on Ms. Bell's behalf on
10  April 14, 2009.  Ex. A to Suppl. Narita Decl.  That petition includes a list of creditors holding
11  unsecured nonpriority claims, including five lenders of mortgages on homes that were
12  foreclosed.  *Id.* at 22-23.  The properties were purchased in May 2005, September 2005,
13  February 2006, May 2006, and July 2008, and the total of the five mortgages was nearly $2.8
14  million.  *Id.*  The list of claims does not include any loans by First Guaranty or any loans for
15  the property located at 151 Fuchsia Court.  *Id.*  First Guaranty asserts that these facts
16  demonstrate that Mr. Swihart knew or should have known that Ms. Bell was engaging in loan
17  fraud and that the allegations of the complaint in this case were not asserted in good faith.

18  Mr. Swihart filed this action in state court on behalf of Mr. Spears on August 27,
19  2009, alleging seven state law claims, and First Guaranty subsequently removed the case to
20  this Court.  All seven claims are premised on the allegation that First Guaranty failed to
21  properly notify Mr. Spears of the foreclosure and trustee sale.

22  First Guaranty filed a motion for summary judgment on December 11, 2009, and the
23  motion was eventually noticed for hearing before this Court on February 1, 2010.  In its
24  motion, First Guaranty argued that California law requires only that certain procedural
25  requirements be satisfied, not that notice actually be received, and that the company
26  complied with those requirements.  When asked at oral argument whether First Guaranty was
27  incorrect that California law requires mailing and not actual notice, Mr. Swihart responded
28  that his client's position was that First Guaranty never mailed the required notices.

3

Under Civil Local Rule 7-3, the opposition or statement of non-opposition to First Guaranty's motion was due on January 11, 2010. On January 12, the Court's courtroom deputy telephoned and left a voice-mail message for Mr. Swihart to inquire about the missing filing. Because Mr. Swihart never returned that message, the Court issued an order to show cause ("OSC") on January 14 as to why the case should not be dismissed for failure to prosecute. The OSC warned that failure to respond would result in dismissal with prejudice. Mr. Swihart did not file a response to the OSC, and the Court therefore dismissed the case with prejudice on January 21 and entered judgment the following day.

Around the same time, Mr. Swihart telephoned the Court's courtroom deputy and left a voice-mail message stating that he was no longer involved with this case. The courtroom deputy returned Mr. Swihart's call by leaving a voice-mail message instructing him to file something in writing if he wanted to be removed as counsel of record for Mr. Spears. Mr. Swihart neither returned this message nor filed a motion to withdraw.

On February 1, the date of the scheduled hearing on First Guaranty's motion for summary judgment, Mr. Spears and Ms. Bell appeared. Ms. Bell stated that Mr. Swihart told them that he no longer represented Mr. Spears, that the case was being dismissed, and that they could come before the Court on February 1 if they wanted to ask for more time to find new counsel. On February 3, the Court issued an order vacating the judgment and ordering Mr. Swihart to show cause as to why sanctions should not be imposed for his failure to follow Court orders and rules.

First Guaranty subsequently filed a motion seeking $17,416.98 in attorneys' fees and costs as a sanction against Mr. Swihart. This motion contends that Mr. Swihart acted in bad faith when he filed this lawsuit and should therefore be sanctioned under 28 U.S.C. § 1927 and/or the inherent powers of the Court. The Court granted First Guaranty's motion to shorten time and ordered Mr. Swihart to respond to the motion at the same time he responded to the OSC. Mr. Swihart filed a timely written response on February 12, and the Court granted First Guaranty's request for the Court to consider reply papers filed on February 15.

4

In his response, Mr. Swihart stated that he "formerly represented" Mr. Spears until he was "discharged on or about January 6, 2010." Swihart Decl. ¶ 1; *see also id.* ¶ 8 ("After First Guaranty filed a motion for summary judgment in this action, I consulted with my client, who told me that he did not want to continue to pursue the action, and that he no longer wanted me to represent him."). However, to date, Mr. Swihart remains as counsel of record for Mr. Spears. Moreover, at the hearing, Mr. Swihart repeatedly referred to both Ms. Bell and Mr. Spears as his clients and never once stated that he was no longer representing them. Mr. Swihart also expressed a desire to oppose any renewed motion for summary judgment by First Guaranty.

**LEGAL STANDARD**

An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In addition, a court may award attorneys' fees as a sanction under its inherent powers. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). A finding of "recklessness suffices for § 1927," but, to award sanctions under its inherent powers, the court must "specifically find[] bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). Civil Local Rule 11-6(a) also allows the Court to impose appropriate sanctions if it "has cause to believe that an attorney has engaged in unprofessional conduct."

**DISCUSSION**

**I. Sanctions for Filing the Complaint**

The Court first considers whether First Guaranty should be awarded sanctions for all attorneys' fees and costs incurred in this case because Mr. Swihart filed the case in bad faith. It is evident from the record that Mr. Swihart did not perform adequate investigation before

5

filing the complaint. For example, he represents that he was not aware until recently that Ms. Bell never had a loan from First Guaranty, nor was he aware that Ms. Brown acquired the property from Ms. Bell via a purchase that involved Ms. Brown obtaining a mortgage from First Guaranty. These are basic facts which Mr. Swihart should have known before filing a complaint containing contrary factual allegations – particularly where, as here, he filed the complaint as a verified complaint.

In addition, at least one of the factual allegations appears to be contradicted by the documents that Mr. Spears attached to his own declaration. Specifically, the allegation that Ms. Brown conveyed the property to Mr. Spears as a gift in September 2007 out of fear that her credit would be damaged is belied by the actual grant deed. Although the grant deed was not recorded until September 2007, Ms. Brown signed it seven months earlier – and one week prior to the closing date on the sale from Ms. Bell to Ms. Brown.

However, the Court does not find clear evidence that Mr. Swihart was acting in bad faith when he filed this lawsuit, or that he filed the lawsuit to harass First Guaranty or for any improper purpose. In particular, the Court does not find evidence sufficient to demonstrate that Mr. Swihart knew that First Guaranty complied with its statutory notice requirements before filing this case.[4] Accordingly, the Court does not find it proper to exercise its inherent powers to award the full amount of First Guaranty's requested sanctions. While Mr. Swihart's actions might well be considered reckless, the Court also declines to award the full amount of requested sanctions under 28 U.S.C. § 1927.

On its own consideration, the Court finds that Mr. Swihart's actions likely violated Rule 11 of the Federal Rules of Civil Procedure because he failed to make "an inquiry reasonable under the circumstances" before filing the complaint. The Court opts not to begin Rule 11 sanctions proceedings in this instance, but it may do so in the future if Mr. Swihart files any subsequent papers that appear to violate Rule 11.

---

[4] As noted above, the Court does not now decide whether any material factual disputes exist on this issue, which Mr. Swihart acknowledged at oral argument was the only issue – the "one-trick pony" – in this case.

6

## II. Sanctions for Failing to Follow Court Rules and Procedures

Although the Court declines to grant First Guaranty's motion for sanctions in its entirety, it does find some sanctions – both to First Guaranty and to the Court – to be appropriate because Mr. Swihart has acted unprofessionally and has unreasonably and vexatiously multiplied the proceedings in this case. First, he failed to file a timely opposition or statement of non-opposition to First Guaranty's motion for summary judgment, in violation of Civil Local Rule 7-3. He failed even to respond to the Court's telephone call inquiring about whether he opposed the motion, and he subsequently failed to respond to an order to show cause as to why this case should not be dismissed for failure to prosecute.

At the same time, Mr. Swihart admitted that he advised Ms. Bell and Mr. Spears that the case had been dismissed, but that they should feel free to appear before the Court on the previously scheduled February 1 hearing date to ask for time to find new counsel – even though Mr. Swihart received notice through the Court's electronic filing system that the hearing had been vacated and judgment had been entered. Mr. Swihart stated that he was informed by Mr. Spears that Mr. Spears no longer wanted Mr. Swihart to represent him in this matter. However, Mr. Swihart remained at all times – and still remains – attorney of record for Mr. Spears, and he acknowledged at the hearing that, as such, he owes duties both to his client and to this Court.

Even if Mr. Swihart had wanted to withdraw from the case, Civil Local Rule 11-5(a) provides that he may do so only if "relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Mr. Swihart is required to comply with the Civil Local Rules as a member of the bar of this Court, Civ. L.R. 11(a)(2), and he was also specifically informed by the Court's courtroom deputy that he needed to file something in writing if he wanted to be relieved as counsel of record. Nonetheless, Mr. Swihart never filed any motion to withdraw.

In any event, it is now clear from Mr. Swihart's comments during the hearing that he continues to represent Mr. Spears in this case, as well as Ms. Bell in separate proceedings.

7

This is in spite of Mr. Swihart's declaration stating that he "formerly represented" Mr. Spears until he was "discharged on or about January 6, 2010." Swihart Decl. ¶ 1.

To ensure due process to Mr. Spears, this Court will renew First Guaranty's motion for summary judgment. Because these additional proceedings are required only because of Mr. Swihart's failure to comply with his duties under the Civil Local Rules and as counsel of record for Mr. Spears, the Court finds it proper to sanction Mr. Swihart both under Civil Local Rule 11-6(a) and under 28 U.S.C. § 1927. Mr. Swihart has unreasonably and vexatiously multiplied the proceedings in this case and has failed to act in a fully professional manner.

Accordingly, Mr. Swihart shall pay $250.00 to the Clerk of the Court and $1200.00 to First Guaranty. The Court calculated the latter sanction by examining counsel's billing records and determining what portion of counsel's fees was reasonably spent on replying to the motion for summary judgment that Mr. Swihart failed to oppose, preparing the proposed judgment, reviewing the orders to show cause the Court issued as a result of Mr. Swihart's misconduct, and communicating with First Guaranty concerning these tasks.

**CONCLUSION**

For the above reasons, IT IS HEREBY ORDERED that Defendant First Guaranty Mortgage Corporation's motion for sanctions is GRANTED IN PART. Mr. Thomas Swihart (California Bar No. 98564) shall reimburse First Guaranty $1200.00 for unreasonably and vexatiously multiplying these proceedings. Mr. Swihart shall coordinate with counsel for First Guaranty regarding arrangements for payment. In addition, Mr. Swihart shall pay $250.00 to the Clerk of the Court as a sanction for his unprofessional conduct in violation of the Court's local rules. Both of these sanctions shall be paid no later than **March 8, 2010.** On or before that date, Mr. Swihart shall file a declaration stating that he has paid both sanctions. Failure to fully comply shall result in the imposition of additional sanctions.

IT IS FURTHER ORDERED that First Guaranty's motion for summary judgment shall be renewed without need for any additional filing by First Guaranty. Mr. Swihart shall

8

file an opposition to the motion on behalf of Mr. Spears on or before **March 11, 2010,** and First Guaranty may file a reply on or before **March 18, 2010.** The Court will schedule oral argument at a later time if, after reviewing the parties' written arguments, it finds that a hearing is required. If Mr. Spears decides again not to oppose the motion for summary judgment, then Mr. Swihart shall file a statement of non-opposition on or before **March 11, 2010,** and this case shall be dismissed with prejudice.

If Mr. Swihart fails to file either an opposition or a statement of non-opposition, the Court will construe such failure as a non-opposition and dismiss this case with prejudice. The Court will also sanction Mr. Swihart an additional $150.00 for violating an order of the Court.

**IT IS SO ORDERED.**

Dated: 02/25/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT