IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAHI OHMAHREE SPEARS,

            Plaintiff,

v.

FIRST GUARANTY MORTGAGE CORPORATION, et al.,

            Defendants.

NO. C09-5721 TEH

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING REQUEST FOR SANCTIONS

This matter comes before the Court on a motion for summary judgment filed by Defendant First Guaranty Mortgage Corporation, which also requested further monetary sanctions against Plaintiff's counsel in its reply brief. After carefully reviewing the parties' written arguments, and in the absence of any request for oral argument, the Court finds a hearing to be unnecessary. For the reasons discussed below, the Court now GRANTS the motion for summary judgment but DENIES the request for an order to show cause as to why additional sanctions should not be imposed.

**BACKGROUND**

The Court has previously discussed the factual and procedural background of this case and will not repeat that history in detail here. *See* Feb. 25, 2010 Order at 1-5. In brief, Plaintiff Jahi Ohmahree Spears is the son of Carolyn Bell, who formerly owned the property located at 151 Fuchsia Court, Hercules, California. In February 2007, Ms. Bell sold the property to Dissrew Brown, who obtained a mortgage from Defendant First Guaranty to purchase the property. One week before this mortgage funded, Ms. Brown signed a grant deed conveying the property to Mr. Spears as a gift. This grant deed was signed on February 8, 2007, but not filed with the county recorder until September 10, 2007.

1 At some point, Ms. Brown failed to make the payments on her mortgage, and First Guaranty began foreclosure proceedings. The company recorded a notice of default with the county on September 14, 2007, and a notice of trustee's sale on December 24, 2008. Both notices listed Ms. Brown as trustor of the property and made no mention of Mr. Spears. Although First Guaranty has provided evidence that it sent copies of both notices to Mr. Spears, Mr. Spears contends that he never received either notice. First Guaranty ultimately obtained title to the property on January 21, 2009, following a trustee's sale.

The complaint in this case alleges seven state law claims, all of which are premised on the allegation that First Guaranty failed to properly notify Mr. Spears of the foreclosure and trustee's sale. First Guaranty initially filed its motion for summary judgment on December 11, 2009. After Mr. Spears failed to file an opposition or statement of non-opposition, the Court vacated the summary judgment motion hearing and issued an order to show cause as to why the case should not be dismissed for failure to prosecute. Mr. Spears failed to respond to the order to show cause, and the Court therefore dismissed the case with prejudice on January 21, 2010, and entered judgment the following day.

Mr. Spears and Ms. Bell subsequently appeared before the Court on the previously scheduled summary judgment motion hearing date and asserted that Mr. Spears's counsel, Mr. Thomas Swihart, told them that he no longer represented Mr. Spears. They also stated that Mr. Swihart informed them that this case was being dismissed, but that they could appear before the Court to ask for more time to find new counsel. The Court thereafter vacated the judgment and ordered Mr. Swihart, who always remained counsel of record to Mr. Spears, to show cause as to why sanctions should not be imposed for his failure to follow Court orders and rules.

Following a February 22, 2010 hearing, the Court imposed sanctions against Mr. Swihart and renewed First Guaranty's motion for summary judgment via written order on February 25, 2010. The parties filed timely opposition and reply briefs pursuant to that order, and the motion is once again before the Court.

2

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985 (9th Cir. 2007). However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the opposing party must then "set out specific facts showing a genuine issue for trial" to defeat the motion. Fed. R. Civ. P. 56(e)(2); *Anderson*, 477 U.S. at 250.

**DISCUSSION**

The parties agree that the primary issue in this case is whether First Guaranty complied with California Civil Code section 2924b(c), which provides that:

> The mortgagee, trustee, or other person authorized to record the notice of default or the notice of sale shall do the following:
>
> (1) Within one month following recordation of the notice of default, deposit or cause to be deposited in the United States mail an envelope, sent by registered or certified mail with postage prepaid, containing a copy of the notice with the

3

> recording date shown thereon, addressed to each person set forth in paragraph (2), provided that the estate or interest of any person entitled to receive notice under this subdivision is acquired by an instrument sufficient to impart constructive notice of the estate or interest in the land or portion thereof that is subject to the deed of trust or mortgage being foreclosed, and provided the instrument is recorded in the office of the county recorder so as to impart that constructive notice prior to the recording date of the notice of default and provided the instrument as so recorded sets forth a mailing address that the county recorder shall use, as instructed within the instrument, for the return of the instrument after recording, and which address shall be the address used for the purposes of mailing notices herein.
>
> (2) The persons to whom notice shall be mailed under this subdivision are:
>
> (A) The successor in interest, as of the recording date of the notice of default, of the estate or interest or any portion thereof of the trustor or mortgagor of the deed of trust or mortgage being foreclosed.

Cal. Civ. Code § 2924b(c). The parties do not dispute that Mr. Spears satisfies the description under paragraph (2)(A) and that First Guaranty was therefore required to notify Mr. Spears in accord with this statute.

First Guaranty has presented evidence that copies of the notice of default and notice of trustee's sale were sent to Mr. Spears by certified mail on October 11, 2007. As required by statute, these notices were sent to Mr. Spears at the address listed on the grant deed transferring the property from Ms. Brown to Mr. Spears. *See* Cal. Civ. Code § 2924b(c)(1) (providing that "the address used for the purposes of mailing notices" shall be the address provided in the grant deed for use by the county recorder in returning the deed after recording). The notices were also sent to Mr. Spears at the subject property.

Mr. Spears asserts in a declaration that he never received copies of either notice. In his opposition to the motion, he also makes note of the fact that First Guaranty failed to provide copies of any return receipts. However, the statute requires only that notice be sent by registered or certified United States mail and does not require a return receipt. *See Moores v. Bd. of Supervisors of Mendocino County*, 122 Cal. App. 4th 883, 891 (2004) (explaining that the California Legislature "knows how to impose" a requirement that a

4

return receipt be used, and that if the Legislature did not do so, "it is not a judicial function to rewrite the statute by inserting such a requirement").

More importantly, the statute does not require that Mr. Spears actually have received the notices. As one California appellate court has held:

> We pointedly emphasize, however, that Civil Code sections 2924-2924h, inclusive, do not require actual receipt by a trustor of a notice of default or notice of sale. They simply mandate certain procedural requirements reasonably calculated to inform those who may be affected by a foreclosure sale and who have requested notice in the statutory manner that a default has occurred and a foreclosure sale is imminent.

*Lupertino v. Carbahal*, 35 Cal. App. 3d 742, 746-47 (1973). Another court has similarly held that "[t]he trustor need not receive actual notice of the trustee's sale so long as notice is provided to the trustor that is in compliance with the statute." *Knapp v. Doherty*, 123 Cal. App. 4th 76, 88-89 (2004). Inexplicably, Mr. Spears failed to address either of these cases in his opposition.

The Court finds this case materially indistinguishable from *Knapp v. Doherty*, in which a California appellate court held that summary judgment was proper under similar facts. There, as here, the defendant submitted affidavits that the sale notice was mailed to plaintiffs, and plaintiffs submitted their own testimony that they never received the notice. *Id.* at 87-88 & n.5. The court held that the plaintiffs' evidence failed to raise a triable issue of material fact: "Even assuming that Borrowers raised a disputed issue of fact – namely, whether they actually received the Sale Notice – this issue was not a material one." *Id.* at 88. At best, the court held, evidence that the plaintiffs did not actually receive the sale notice "raised an issue of *immaterial* fact," and that the court "need not resolve whether Borrowers, in fact, received the Sale Notice" because "[i]t suffices that the evidence demonstrated that the trustee mailed the Sale Notice to Borrowers as required under section 2924b, subdivision (b)(2)." *Id.* at 89 & n.7.

Section 2924b(b)(2) contains identical language to section 2924b(c)(2), the statute at issue in this case. Both provisions require that the mortgagee, trustee, or other authorized person "deposit or cause to be deposited in the United States mail an envelope, sent by

registered or certified mail with postage prepaid, containing a copy of the [required] notice" to specified individuals within a specific time frame. Consequently, following *Knapp*, this Court now GRANTS First Guaranty's motion for summary judgment. While Mr. Spears has submitted a declaration that he never received the notice of default or notice of trustee's sale, he has not submitted any evidence that these notices were not actually sent, nor has he presented any authority that California law requires that the notices actually be received. Summary judgment is therefore proper.

First Guaranty also requests in its reply papers that this Court issue an order to show cause as to why additional sanctions should not be imposed against Mr. Swihart. The Court DENIES this request because it finds that, while Mr. Swihart's opposition papers certainly do not demonstrate the highest level of competence, they do not appear to have been filed in bad faith or for any improper motive.

**CONCLUSION**

For the reasons discussed above, the Court GRANTS First Guaranty's motion for summary judgment in its entirety but DENIES First Guaranty's request for additional sanctions against Mr. Swihart. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 03/22/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

6